David Evans #5-1660
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003-0467
PH: (307) 634-1525
FAX: (307) 638-7335
devans@hickeyevans.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 21 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS HEALTH AND SECURITY FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION 192, and PLUMBERS AND PIPEFITTERS LOCAL 192 JATC, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN MECHANICAL SERVICE, INC., a Wyoming corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) **COMPLAINT FOR BREACH OF** ) **CONTRACT** ) ) Civil No. ) ) 11-CV-24-F ) |

Plaintiffs, for their complaint and for cause of action state and allege as follows:

## JURISDICTION

### I.

Federal jurisdiction exists because this action arises under and is brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185. Venue properly lies in this district under ERISA, §502(e)(2), 29 U.S.C. §1132(e)(2), since contributions and dues are due and payable in the City of Cheyenne, Wyoming.

## PARTIES

### II.

At all times material herein, the Plaintiffs, Plumbers And Pipefitters Health And Security Fund and the Plumbers and Pipefitters Local 192 JATC, (Funds), were and now are employee benefit plans organized and existing under the laws of the United States. At all times mentioned herein, the above named Plaintiffs were and now are express trusts created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U. S.C. § 186, and a multi-employer benefit plan within the meaning of §§3 and 4 of the Employee Retirement Income Security Act, 29 U. S. C. §§1002 and 1003. The above-named Plaintiff Trust Funds are administered by a Board of Trustees. The above named Plaintiffs and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiff Trust Funds".

### III.

Plumbers And Pipefitters Local Union 192 was and is a labor organization within the meaning of LMRA §301, 29 U.S.C. §185 and will hereinafter be designated as "Plaintiff Union".

### IV.

At all times material herein Defendant, Western Mechanical Service, Inc. ("Western Mechanical") has been an employer within the meaning of Section 3 (5) and Section 515 of ERISA, 29 U.S.C. Section 1002 (5), 1145 and employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. Section 185.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

### V.

At all times material herein, Defendant has been bound to a written Collective Bargaining Agreement (CBA), with the Plaintiff Union, a labor organization within the meaning of LMRA §301, 29 U.S.C. § 185.

### VI.

The above-mentioned CBA and Trust Agreements provide for prompt payment of dues owed to Plaintiff Union and of employer contributions to the Plaintiff Trust Funds. The Trust Agreements provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Plaintiff Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Plaintiff Trust Funds. Said Trust Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

### VII.

The applicable CBA and Trust Agreements provide for the audit of the signatory employer or employer's books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions and dues have been paid as required by the applicable labor agreements and laws.

### VIII.

By said written agreements, Defendant promised that upon written request, they would permit a trust fund auditor to enter upon the premises of said Defendant during business hours, at a reasonable time or times, and to examine and copy such books, records, papers and reports of

theirs as may be necessary to determine whether the employer is making full and prompt payment of all sums required to be paid by them to Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### IX.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

### X.

Said contributions and dues to the Plaintiffs from Defendant have not been submitted as required by said Agreement since the third quarter of 2008.

### XI.

Demand has been made of Defendant for payment of the amounts determined to be due and owing for said period, and Defendant has failed, neglected or refused to pay such amounts and they are now due, owing and unpaid to Plaintiffs from Defendant.

### XII.

Pursuant to the CBA and Trust Agreements, the Trust Funds' auditor performed an audit of Defendant's books and records for the period July 1, 2008 through December 31, 2009. The audit established that Defendant owed the Plaintiffs for contributions and dues the total amount of $41,205.89. The audit is attached hereto as Exhibit 1. Plaintiffs Trust Funds are intended third-party beneficiaries of the CBA.

### XIII.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable Agreements.

### XIV.

Plaintiffs are entitled to reasonable attorneys' fees, liquidated damages, interest, and other reasonable expenses incurred in connection with this matter due to the failure and refusal of Defendants to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable CBA, Trust Agreements, and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2).

## SECOND CLAIM FOR RELIEF

### (Actual Damages for Breach of Contract)

### XV.

Plaintiffs reallege and incorporate by reference, as though set forth in full, all allegations stated hereinabove.

### XVI.

Defendant has failed, neglected, and refused to make the appropriate contributions as required by the CBA and Trust Agreements, and have caused Plaintiffs actual damages in the amount of $41,205.89, plus interest, liquidated damages, attorney fees, collection costs, plus any and all other amounts due under ERISA.

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1. For actual damages of $41,205.89 according to proof;

2. For prejudgment interest and post judgment interest at the highest legal rate;

3. For liquidated damages, attorneys' fees, court costs, and other reasonable expenses incurred in connection with this action; and

4. For such other and further relief as required by ERISA and as this Court deems just and proper.

DATED this 20 day of January, 2011.

PLUMBERS AND PIPEFITTERS HEALTH
AND SECURITY FUND; PLUMBERS AND
PIPEFITTERS LOCAL UNION 192,
PLUMBER AND PIPEFITTERS LOCAL 192 JATC

BY: _____
David Evans, #5-1660
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003
PH: (307) 634-1525
FAX: (307) 638-7335
devans@hickeyevans.com

PLUMBERS & PIPEFITTERS HEALTH & SECURITY FUND

AGREED UPON PROCEDURES
PERFORMED ON A SELECTED CONTRACTOR

JULY 1, 2008 TO DECEMBER 31, 2009

# LEO RILEY & CO.
*Certified Public Accountants*

**EXHIBIT 1**

**LEO RILEY & CO.**
*A Corporation of Certified Public Accountants*

141 South Center Street, Suite 200, Casper, Wyoming 82601

Tel 307-265-3800   Fax 307-234-0585
email: contact@lrileyco.com

INDEPENDENT ACCOUNTANTS' REPORT
ON APPLYING AGREED-UPON PROCEDURES

Board of Trustees
Plumbers & Pipefitters Health
 & Security Fund
Casper, Wyoming

We have performed the procedures enumerated below, which were agreed to by the Board of Trustees of the Plumbers & Pipefitters Health & Security Fund, solely to assist you in evaluating the compliance of Western Mechanical Services, Inc. with the terms of the joint bargaining agreement between the employer and the Union, as it pertains to the Trust, and the Trust agreement between the employer and the Trust for the period July 1, 2008 to December 31, 2009. This agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of those parties specified in this report. Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

Our procedures and findings are as follows:

1. Compared employees and hours reported on State Unemployment tax reports and State Workers Compensation reports, to employees and hours reported to the Trust to determine whether any plumbers, pipefitters and pipe tradesmen were not reported or hours were incorrectly reported to the Trust. If such an employee was noted, determined hours worked in the time period.

   The results of this procedure revealed nineteen employees that were required to be reported to the Trust but were not. See attached Summary of Findings.

2. Randomly selected six months during the above noted period and tested 25% of the employees reported to the Trust as follows:

   a. Noted hours worked, gross and net earnings per employee earnings records, footed and cross-footed amounts.

   b. Selected and examined payroll checks noting agreement of checks disbursed to amounts listed on employee earnings records.

   c. Traced hours worked and wages paid as reported on the monthly remittance report submitted by the Company, noting agreement with hours recorded on employee time records.

   The results of these procedures revealed seven exceptions to the information reported to the Trust. See attached Summary of Findings.

3. Summarized amounts paid to the Plumbers & Pipefitters Health & Security Fund during the period July 1, 2008 through December 31, 2009 follows:

      Health and Security                        $ 520,824.70

We were not engaged to, and did not, conduct an examination, the objective of which would be the expression of an opinion on Western Mechanical Services, Inc.'s compliance with the terms of the joint bargaining agreement between the employer and the Union, as it pertains to the Trust, and the Trust agreement between the employer and the Trust. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the use of the Board of Trustees of the Plumbers & Pipefitters Health & Security Fund and the independent auditor engaged by the Trust, and is not intended to be and should not be used by anyone other than these specified parties.

June 16, 2010

PLUMBERS & PIPEFITTERS
HEALTH & SECURITY FUND
SUMMARY OF FINDINGS
JULY 1, 2008 TO DECEMBER 31, 2009

In the process of performing the Agreed Upon Procedures to contributions records of Western Mechanical Services, Inc. the following exceptions were noted:

Findings 1 and 2.

During the comparison of employees and hours reported on the State Unemployment tax reports and State Workers Compensation reports to employees and hours reported to the Trust and testing of 25% of the employees for six randomly selected months during the period it was determined that apprentices, pipetradesmen and plumbers/pipefitters were not reported or were reported in error as follows:

3rd Quarter 2008

| | | |
|---|---|---|
| 3 Apprentices | 1,121.50 hours | $5,495.35 |
| 1 Plumber | 338.00 hours | 1,656.20 |
| Vacation hours paid not reported | 16.00 hours | $78.40 |

4th Quarter 2008

| | | |
|---|---|---|
| 4 Apprentices | 1,262.50 hours | 6,186.25 |
| 4 Plumbers | 578.50 hours | 2,834.65 |
| 1 Pipetradesman | 280.00 hours | 1,372.00 |
| Vacation hours paid not reported | 34.00 hours | 166.60 |
| Underreported hour worked | 1.50 hours | 7.35 |

1st Quarter 2009

| | | |
|---|---|---|
| 3 Apprentices | 1,009.50 hours | 4,946.55 |
| 1 Plumber | 3.00 hours | 14.70 |
| Vacation hours paid not reported | 72.00 hours | 352.80 |
| Jury duty hours paid not reported | 8.00 hours | 39.20 |
| Underreported hours worked | 610.50 hours | 2,991.45 |

2nd Quarter 2009

| | | |
|---|---|---|
| 3 Apprentices | 693.50 hours | 3,398.15 |
| 1 Plumber | 140.00 hours | 686.00 |
| 1 Pipetradesman | 254.00 hours | 1,244.60 |
| Vacation hours paid not reported | 16.00 hours | 78.40 |
| Underreported hours worked | 64.00 hours | 313.60 |

3rd Quarter 2009

| | | |
|---|---|---|
| 1 Apprentice | 190.00 hours | 970.90 |
| 3 Pipetradesmen | 751.50 hours | 3,840.17 |
| Vacation hours paid not reported | 24.00 hours | 122.64 |
| Overtime hours not reported | 11.00 hours | 56.21 |
| Underreported hours worked | 134.00 hours | 684.74 |

4th Quarter 2009

| | | |
|---|---|---|
| 2 Pipetradesmen | 636.00 hours | 3,249.96 |
| Vacation hours paid not reported | 32.00 hours | 163.52 |
| Holiday hours paid not reported | 26.00 hours | 132.86 |
| Overtime hours not reported | 24.00 hours | 122.64 |

$41,205.89

1

## CONTRACTOR RESPONSE TO FINDINGS

1. Carlene Prestjohn said since she has not been employed throughout the period covered by the engagement she does not know why some of the employees working in Wyoming were not reported. Carlene said she relied on Monica with Local 192 if she had questions on the reporting of employees during the period she was employed.

   Carlene said she does not know why employees classified as apprentices in quarters prior to the 4th Quarter 2009 were not reported on reporting forms but most them worked in both Wyoming and South Dakota.

   Carlene said she is not sure why the plumbers were not reported but most of them worked in both South Dakota and Wyoming with most of their hours in South Dakota. She is not sure why the one individual was not reported that had only Wyoming hours.

   Carlene said she understood that pipetradesmen were like laborers and were not required to be reported.

   Carlene Prestjohn said she was not aware of the section of the Collective Bargaining Agreement that states that all paid hours are to be reported for fringe benefit purposes. Vacation, jury duty and holiday hours paid were not reported for that reason.

   Carlene said the underreported hours were before she started to work and is not sure why they were not reported correctly.

   Carlene said the overtime hours that were not reported were inadvertantly missed.

2